UNITED STATES of America, Plaintiff,

v.

Edward Richard EGGERT, Defendant.

No. CR–79–143–D.

United States District Court,
W. D. Oklahoma.

Feb. 22, 1980.

Larry D. Patton, U. S. Atty. by Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Kermit V. Jones, Oklahoma City, Okl., Paul Ferguson, Edmond, Okl., Bernard G. Winsberg, Los Angeles, Cal., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This matter is presently before the Court on a "Motion to Stay Proceedings Pending Review By the Court of Appeals for the Tenth Circuit" filed by Defendant Edward Richard Eggert. Said Motion is supported by a Brief and the Government has filed Briefs in opposition thereto. A hearing was held on said Motion on February 19, 1980, at which Defendant was present in person and by his attorneys, Bernard G. Winsberg and Kermit Jones, and the Government appeared by Linda Pence, Special Attorney, United States Department of Justice, and Susie Pritchett, Assistant United States Attorney, Western District of Oklahoma.

In support of the instant Motion, Defendant contends that this Court's Order of February 15, 1980 denying Defendant's "Motion to Dismiss for Breach of Plea Bargain by Government" was an appealable order on grounds of alleged double jeopardy pursuant to *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1976). The Government responds that said Order is not appealable in that the offenses involved in the instant action and the California prosecution that gave rise to the asserted plea agreement are so unrelated that any claim of double jeopardy is frivolous.

In *United States v. Alessi*, 536 F.2d 978 (Second Cir. 1976), the United States Court of Appeals for the Second Circuit faced a question similar to the matter now before the Court and held that a district judge's refusal to dismiss an indictment upon a claim of double jeopardy in a breach of plea bargaining agreement environment was an appealable order and an exception to the general rule limiting review to final orders. The second Circuit noted in *Alessi* that the purpose of the double jeopardy clause is to insure that no individual will be twice put in jeopardy for the same charge. Furthermore, that Court indicated that double jeopardy interests are at stake where the government fails to fulfill an alleged earlier promise not to prosecute a particular charge in exchange for a guilty plea on another charge.

In the instant case, if in fact the Government represented to Defendant that he would not be indicted in this case in exchange for his plea of guilty in the California prosecution, then Defendant would now be entitled to specific performance of that agreement, thereby avoiding jeopardy in the instant prosecution.[1] *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Alessi, supra*. Therefore, in view of *United States v. Alessi, supra*, and under the circumstances of the instant case, the Court determines that its Order of February 15, 1980 denying Defendant's "Motion to Dismiss for Breach of Plea Bargain by Government," is an appealable order. Accordingly, Defendant's Motion to Stay Proceedings should be granted and the instant action stayed pending appeal of said Order to the United States Court of Appeals for the Tenth Circuit.[2]

It is so ordered.

---

1. Though this Court, after an evidentiary hearing, has factually found that the California plea bargain did not include an agreement that the charges involved herein would not be prosecuted, this ruling is subject to appellate review.

2. Defendant and his counsel agreed in open court that the time required for this interlocutory appeal was excludable delay time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. and that in this connection, Defendant waived any rights he may possess under said Act.